STATE OF NORTH CAROLINA v. RONALD DONNELL STANLEY

No. 9216SC19

(Filed 4 May 1993)

1. **Homicide § 287 (NCI4th)— second degree murder—unlawful killing and malice—sufficiency of evidence**

The State's evidence of an unlawful killing and malice was sufficient to support defendant's conviction of second degree murder where it tended to show that defendant struck the victim's girlfriend during an argument; defendant ran out of his house with a stick and confronted the victim as the victim approached his house; defendant and the victim were arguing in the yard between their houses when defendant struck the victim on the head with the stick; the victim fell down, and defendant delivered at least one more blow to the victim's

head after the victim fell; and either of the two blows to the victim's head could have been fatal.

**Am Jur 2d, Homicide § 425.**

2. **Criminal Law § 1145 (NCI4th) — aggravating factor — heinous, atrocious or cruel murder — improper finding**

The trial court erred in finding the heinous, atrocious or cruel aggravating factor for a second degree murder where the evidence tended to show that defendant struck the victim on the head with a stick two or possibly three times during an argument and that the victim was rendered unconscious immediately; there was no evidence that the victim endured excessive physical pain or psychological suffering; and the attack was not excessively more brutal than any other second degree murder. N.C.G.S. § 15A-1340.4(a)(1)f.

**Am Jur 2d, Criminal Law §§ 598, 599.**

3. **Criminal Law § 1165 (NCI4th) — aggravating factor — vulnerable victim — improper finding**

The trial court erred in finding as an aggravating factor for second degree murder that the victim was particularly vulnerable because he was a fallen victim where the evidence tended to show that defendant struck the victim with a stick during an argument and struck the victim at least one more time after the victim fell, since defendant did not choose the victim because he was vulnerable, and the trial court should not use the increasing level of vulnerability or weakness of a victim as an aggravating factor when that vulnerability or weakness results from the immediate chain of events that caused the victim's death.

**Am Jur 2d, Criminal Law §§ 598, 599.**

Appeal by defendant from judgment entered 26 July 1991 by Judge Paul M. Wright in Robeson County Superior Court. Heard in the Court of Appeals on 26 February 1993.

Defendant was charged with first degree murder for killing Clifton Buck Oxendine. The victim and his girlfriend lived next door to defendant. On 20 October 1990, defendant argued with the victim's girlfriend and eventually struck her. That same day, the girlfriend told the victim about the incident. When the victim

arrived home from work that day an argument ensued between him and defendant. Defendant's version of the story is that he was attacked in his home by the victim, and was forced to defend himself. However, other testimony indicated that defendant ran out of his house with a stick and confronted the victim as the victim approached the defendant's house.

Testimony differs on how many blows were delivered by defendant, but the following events are fairly well established. Defendant and the victim were arguing in the yard between their houses, and defendant eventually struck the victim over the head with a stick. The victim either tripped or fell as a result of the blow. Thereafter, defendant delivered at least one more blow to the victim's head. At trial, the jury convicted defendant of second degree murder. The judge found aggravating and mitigating factors and sentenced defendant to life in prison. From this judgment defendant appeals.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Robin W. Smith, for the State.*

*Public Defender Angus B. Thompson, by Assistant Public Defender Gayla Graham Biggs, for defendant appellant.*

ARNOLD, Chief Judge.

[1] Second degree murder is the "unlawful killing of a human being with malice." *State v. Rogers*, 299 N.C. 597, 603, 264 S.E.2d 89, 93 (1980). There was some evidence that defendant acted in self defense, but there was also ample evidence that defendant was the aggressor, and that he unlawfully killed the victim.

The State also presented evidence of malice. "Malice is not only hatred . . . it also means that condition of mind which prompts a person to take the life of another intentionally without just cause, excuse, or justification. It may be shown by evidence of hatred . . . and it is implied in law from the killing with a deadly weapon . . . ." *State v. Benson*, 183 N.C. 795, 799, 111 S.E. 869, 871 (1922), *overruled on other grounds by State v. Phillips*, 264 N.C. 508, 142 S.E.2d 337 (1965) (citations omitted). A deadly weapon is an "instrument which is likely to produce death or great bodily harm, under the circumstances of its use." *State v. Cauley*, 244 N.C. 701, 707, 94 S.E.2d 915, 920 (1956). The stick in this case is such an instrument, and malice can therefore be implied from its use.

STATE v. STANLEY

[110 N.C. App. 87 (1993)]

The State's evidence of an unlawful killing and malice was sufficient to overcome the motion to dismiss the second degree murder charge. Likewise, there was sufficient evidence to support the verdict of second degree murder. Therefore, we reject defendant's argument that there was insufficient evidence to find him guilty of second degree murder.

Defendant also argues that the trial court erred in refusing to dismiss the first degree murder charge. However, defendant was not convicted of first degree murder or otherwise prejudiced by the court's refusal to dismiss the charge, so we do not address that argument.

Defendant also argues that the trial court committed various errors in sentencing. The court found one statutory and one nonstatutory aggravating factor when sentencing defendant. The judge found, pursuant to N.C. Gen. Stat. § 15A-1340.4(a)(1)f, that the murder was especially heinous, atrocious and cruel. He also found that the victim was particularly vulnerable because he was a fallen victim. Defendant argues that the evidence does not support these aggravating factors, and we agree.

[2]   When determining if an offense was especially heinous, atrocious or cruel, the trial court should focus on whether the facts of the case disclose *"excessive* brutality, or physical pain, psychological suffering, or dehumanizing aspects *not normally present in that offense." State v. Blackwelder,* 309 N.C. 410, 414, 306 S.E.2d 783, 786 (1983). Evidence in this case establishes that defendant struck the victim on the head only two or possibly three times with a stick. The victim's girlfriend estimated that the victim was hit about three times after falling, but the State's pathologist testified that the victim received two blows to the head, either one of which could have been fatal. Furthermore, testimony of the witness nearest the victim indicates that the victim was rendered unconscious immediately. This attack was not excessively more brutal than any other second degree murder, nor do the facts establish that the victim endured excessive physical pain or psychological suffering. Therefore, the trial court erred when it found that the murder was especially heinous, atrocious or cruel.

[3]   The court found, as an additional aggravating factor, that the victim was particularly vulnerable because he was a fallen victim. This factor cannot be considered under the facts of this case. This is not a case where the defendant chose the victim because he

was particularly vulnerable. In this case, the victim's increasing vulnerability resulted from the chain of events that caused his death. The trial court should not use the increasing level of vulnerability or weakness of a victim as an aggravating factor when that vulnerability or weakness results from the immediate chain of events that caused the victim's death.

Because the trial court erred in finding these aggravating factors, this case is reversed and remanded for new sentencing. We need not address defendant's remaining assignments of error which relate to the court's refusal to find certain mitigating factors.

Trial—No error.

Sentencing—Reversed and remanded.

Judges GREENE and McCRODDEN concur.